```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ALABAMA
                      WESTERN DIVISION        03 AUG -6 PM 3:00

FRED and MELISSA LONG,         ]              U.S. DISTRICT COURT
                               ]                N.D. OF ALABAMA
     Plaintiff(s),             ]
                               ]
     vs.                       ]   CV-03-CO-1609-W
                               ]
NATIONWIDE MUTUAL FIRE         ]
INSURANCE COMPANY,             ]
                               ]
     Defendant(s).             ]
                                              ENTERED
                 MEMORANDUM OF OPINION        AUG 0 6 2003
```

I.  INTRODUCTION.

The court has for its consideration the motion of plaintiffs Fred and Melissa Long to remand this case to the Circuit Court of Tuscaloosa County whence it was removed on July 3, 2003, filed July 14, 2003. (Doc. #3). The issues have been briefed by both parties, and upon due consideration the court finds that the motion is due to be granted.

II.  FACTS.

The plaintiffs filed their lawsuit in the Circuit Court of Tuscaloosa County, Alabama, entitled Fred Long and Melissa Long v. Nationwide Mutual Fire Insurance Co., Civil Action No. CV-03-813. The plaintiffs are residents of Tuscaloosa County, Alabama, and Nationwide Mutual Fire Insurance Company ("Nationwide") is a company organized under the laws of Ohio and has its principal

place of business in Ohio.  The complaint alleges breach of an insurance contract held between the plaintiffs and Nationwide.  Specifically, the plaintiffs contend that Nationwide breached its insurance contract by refusing to pay a claim on their 2002 Harley Davidson Motorcycle.  The complaint also alleges that Nationwide committed the tort of bad faith by intentionally refusing to pay the plaintiffs' claim.

III. STANDARD.

For removal under 28 U.S.C. § 1441 to be proper, the federal court must have subject-matter jurisdiction in the case.  The removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. See *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The defendant bears the burden of establishing subject-matter jurisdiction. See *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (stating that the defendant bears the burden of proving subject-matter jurisdiction in removed actions).

IV. DISCUSSION.

The dispute in this case centers on whether the complaint sets forth the requisite damages in excess of $75,000 making removal to this court proper.  The plaintiffs maintain that the motorcycle had an alleged value of $17,500.00, and that even with the damages associated with its bad faith claim, it will not meet the jurisdictional amount.

The plaintiffs have asserted that they are entitled to damages on their bad faith claim; however, they do not specify the particular amount they are seeking. When the amount that the plaintiffs are seeking is indeterminate, the defendant bears the burden of proving that the plaintiffs' claim meets the amount in controversy requirement by a preponderance of the evidence. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 948 (11th Cir. 2000); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996)("Where, as in this case, damages are unspecified, the preponderance of the evidence standard applies."), *overruled on other grounds by Office Depot v. Cohen*, 204 F.3d 1069 (11th Cir. 2000).

The general rule is that the value of all claims by a single plaintiff against a single defendant can be added together in order to determine if the requisite minimum amount for federal jurisdiction exists. *Bullard v. City of Cisco*, 290 U.S. 179 (1933); *Kleeper v. First Am. Bank*, 916 F.2d 337, 341 (6th Cir. 1990); *Diefenthal v. Civil Aeronautics Bd.*, 681 F.2d 1039, 1053, n.15 (5th Cir. 1982). In an unpublished decision, *Pipes v. American Security Ins. Co.*, 1996 WL 928197, at *1 (N.D. Ala. 1996), the court applied this general rule and held that separate counts could be aggregated in order to satisfy the jurisdictional amount. *Id.* The complaint contained a separate prayer for relief at the end of each of the two counts contained therein. Plaintiffs seek restitution for

claims that were not paid, and they also seek to recover for bad faith. Since claims for bad faith carry with them the possibility of recovery for compensatory damages, including mental anguish, the amount sought for these torts is usually independent from the contract damages. *See Duck Head Apparel Co., Inc. v. Goots*, 659 So. 2d 897 (Ala. 1995); *Emanuelson v. State Farm Ins. Co.*, 651 So. 2d 29 (Ala. 1994); *Shelter Mutual Ins. Co. v. Barton*, 822 So. 2d 1149 (Ala. 2001). Moreover, it is equally well-settled that "in determining the jurisdictional amount in controversy, punitive damages are to be counted." *Swafford*, 486 F. Supp. at 177 (citing *Bell v. Preferred Life Assurance Society*, 320 U.S. 238 (1934). The complaint indicates that they claim punitive damages.

In its notice of removal, the defendant attached numerous cases which suggest that, considering the plaintiffs' claims in total, they could easily satisfy the jurisdictional amount. *See, e.g. Banks v. First Nat. Life Ins. Co.*, (Choctaw County, jury verdict for plaintiff $1,300,000); *McQuiston v. Liberty Ne. Life Ins. Co.* (Chambers County, jury verdict $17,530,000); *Gibson v. Bach; Life of Georgia Ins. Co.*, (Perry County, jury verdict for plaintiff $100,000); *Allen v. Lib. Nat. Life Ins. Co.*, (Jefferson County, jury verdict for plaintiff $2,700,000); *Matiace v. Loyal American Life Ins. Co.*, (Lauderdale County, jury verdict for plaintiff $143,700). Nevertheless, the Eleventh Circuit addressed a similar situation in *Federated Mutual Insurance Co. v. McKinnon*

*Motors LLC*, 329 F.3d 805, 809 (11th Cir. 2003). Although that case dealt with a claim for a declaratory judgment, the court cited to the standards from the Eleventh Circuit's removal cases. *Id*. at 807 n.1. There, the defendant sought a declaratory judgment on an insurance policy with a cap of $50,000, and maintained that it could meet the amount in controversy requirement based on the plaintiff's claim of bad faith for the defendant's failure to pay. *Id*. at 809. The defendant cited to numerous cases where Alabama courts had awarded damages in excess of $75,000. Nevertheless, the court held that "mere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of [the defendant's claim]." *Id*. In this case, other than the aforementioned cases, the defendant has offered no proof that the plaintiffs' claims will meet the jurisdictional requirement. Moreover, the insurance coverage demanded by the plaintiffs is $17,500.00 – far less than the amount of the insurance in *Federated Mutual*. Accordingly, the court finds that the defendant has not met its burden of proving the amount in controversy by a preponderance of the evidence, and the plaintiffs' motion to remand is due to be granted.

V.   CONCLUSION.

    The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this ____6th____ of August, 2003.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE